Adam D. Perlmutter, Esq. (AP4015)
Law Offices of Adam D. Perlmutter, P.C.
260 Madison Avenue, Suite 1800
New York, NY 10016
Tel: (212) 679-1990
Fax: (212) 679-1995
Email: adp@adplegal.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

XIAO KAI ZHANG,

                Plaintiff,

- v. -

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, NEW YORK CITY POLICE
OFFICER SUAREZ, TAX REGISTRY NO. 893692,

                Defendants.

------------------------------------------------------------X

**JUDGE LYNCH**

**08 CV 2334**

**COMPLAINT**

Case No. _____

**JURY TRIAL
DEMANDED**



## PRELIMINARY STATEMENT

1.     This is an action to recover monetary damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. § 1983, and of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff, while engaged in the lawful vending and sale of works of art consisting of photographs on public sidewalks, has been deprived of his constitutional and common law rights when the individual defendant at the time enumerated herein unlawfully

confined plaintiff, caused the unjustifiable arrest and prosecution of plaintiff, and verbally and physically abused plaintiff. The action arises from a campaign by the defendants to punish visual artists who attempt to lawfully display and/or sell works of art in proper locations on the streets of New York City.

2. Defendants, acting under the color of state law, have intentionally and willfully subjected plaintiff to, inter alia, harassment, arrest, battery, selective enforcement of law, false imprisonment, detention and malicious prosecution.

3. Defendants seek to prevent plaintiff from communicating protected speech to the public through the display and/or sale of works of art in violation of plaintiff's First, Fourth, and Fourteenth Amendment rights under the United States Constitution, and in violation of 42 U.S.C. § 1983 and under Article 1, §§ 8 and 11 of the New York State Constitution.

## JURISDICTION

4. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

5. The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action that derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

6.  Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1391(a), (b) and (c) and 1402 (b) because the claims arose in this district and plaintiff resides in this district.

## PARTIES

7.  The plaintiff, Xiao Kai Zhang, is a resident of Manhattan. Mr. Zhang is a lawful permanent resident of the United States, and is and was at all times relevant herein a resident of the City of New York, State of New York. Mr. Zhang has resided at his present address for the past ten years and has been selling artwork, including paintings and photographs, in the area of the incident for approximately six or seven years.

8.  New York City Police Officer Suarez, first name and shield number unknown at this time, Tax Registry No. 893692, is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department. On the date of the incident enumerated herein, December 10, 2006, he was working within the confines of the 18th Precinct of the New York City Police Department. Police Officer Suarez is being sued herein individually and in his official capacity.

9.  At all times relevant herein, the individual defendant was acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York, in the course and scope of his duties and functions as an agent, servant, employee, and officer of the New York City Police Department ("NYPD"), and otherwise performed and engaged in conduct incidental to the performance of his lawful functions in the course of his duties. He was acting for and on behalf of the NYPD at all times

relevant herein, with the power and authority vested in him as an officer, agent, and employee of the NYPD and incidental to the lawful pursuit of his duties as an officer, employee, and agent of the NYPD.

10.  Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department that acts as its agent in the area of law enforcement and for which it is ultimately responsible. The police department that Defendant City of New York maintains is Defendant NYPD. Defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

## STATEMENT OF FACTS

11.  Plaintiff Xiao Kai Zhang is a visual artist. Plaintiff displays and sells his works of art at various lawful locations on the streets of Manhattan. He has displayed and sold his work in the vicinity of 49th Street, between Fifth and Sixth Avenues in Manhattan for the past six or seven years.

12.  On the occasion enumerated herein, defendants have prohibited plaintiff from selling these works of art in violation of provisions of the General Vendors Law, § 20-452 et seq. of the Administrative Code of the City of New York, as interpreted by the United States Court of Appeals for the Second Circuit in the matter of Bery v. City of New York, 97 F.3d 689 (2nd Cir. 1996), cert. denied, 520 U.S. 1251 (1997).

13.  Defendants have done so through arrest and the issuance of summonses despite a lack of probable cause for such actions. Defendants have acted maliciously and intentionally. As

a direct and proximate result of the acts of defendants, plaintiff has suffered severe and permanent injury, including mental suffering, anguish, psychological and emotional distress, humiliation, embarrassment and deprivation of physical liberty.

14. On December 10, 2006, at approximately 2:26 p.m., plaintiff was selling artwork consisting of photographs he took and printed in a lawful location on the south side of 49th Street, between Fifth and Sixth Avenues in Manhattan.

15. As he was engaged in this activity, Police Officer Suarez approached plaintiff and told him to pack up his wares and leave the area.

16. Plaintiff told Officer Suarez that he would wait for the officer's supervisor to arrive.

17. Police Officer Suarez informed plaintiff that he would be arrested if he did not move.

18. Police Officer Suarez told plaintiff to put his hands behind his back.

19. Plaintiff did put his hands behind his back and did not resist arrest.

20. During the arrest, Police Officer Suarez pushed plaintiff up against a tree, so that plaintiff's face was pressed into the tree trunk.

21. Plaintiff was taken to the Midtown North Police Precinct where he was detained for approximately one hour.

22. Plaintiff was issued two summonses for disorderly conduct and "exit [sic] circumstances" and was ordered to appear in court. Defendant Police Officer Suarez, Tax Registry Number 893697, is identified on the summons as the complainant against plaintiff.

23. At no time that day was plaintiff disorderly.

24. Plaintiff thereafter appeared on the summonses in or about June 2007. The charge against him for disorderly conduct was dismissed for legal insufficiency and the charge of "exit [sic] circumstances" was dismissed for facial insufficiency by a judge of the Criminal Court of the City of New York.

25. The false imprisonment, false arrest and malicious prosecution of plaintiff by defendants caused plaintiff to sustain pain and suffering and psychological and emotional trauma.

26. A notice of claim was served on the Comptroller of the City of New York and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

## FIRST CAUSE OF ACTION

### Violation of Plaintiff's Fourth and Fourteenth Amendment Rights

27. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 26 with the same force and effect as if more fully set forth at length herein.

28. Defendant Police Officer Suarez, Tax Registry No. 893692, who was acting within the scope of his authority on December 10, 2006, arrested and caused plaintiff to be held without probable cause in violation of plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth right to the Constitution of the United States.

29. Defendant has deprived plaintiff of his civil, constitutional and statutory rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985.

## SECOND CAUSE OF ACTION

### Violation of Plaintiff's First and Fourteenth Amendment Rights

30. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 29 with the same force and effect as if more fully set forth at length herein.

31. Defendant Police Officer Suarez, Tax Registry No. 893692, who was acting within the scope of his authority on December 10, 2006, prohibited plaintiff from exercising his rights to free speech in that he was prohibited from the display and sale of artwork which are protected by the First Amendment of the Constitution of the United States and Article 1, § 8 of the New York State Constitution.

## THIRD CAUSE OF ACTION

### Battery

32. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 31 with the same force and effect as if more fully set forth at length herein.

33. Defendant City of New York, and its agent, servant and employee, Police Officer Suarez, Tax Registry No. 893692, acting within the scope of his employment on December 10, 2006, intentionally, willfully, and maliciously battered plaintiff, when he was placed in handcuffs and arrested.

34. Defendant Police Officer Suarez, Tax Registry No. 893692 was at all times an agent, servant, and employee acting within the scope of his employment by the City of New York and the New York City Police Department, which are therefore responsible for his conduct.

35. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FOURTH CAUSE OF ACTION

### False Arrest

36. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 35 with the same force and effect as if more fully set forth at length herein.

37. The acts and conduct of Defendant Police Officer F.N.U. Suarez, Tax Registry No. 893692, on December 10, 2006, constitute false arrest and false imprisonment under the laws of the State of New York. Defendant intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement. In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

38. Defendant Police Officer Suarez, Tax Registry No. 893692, was at all times an agent, servant, and employee acting within the scope of his employment by the City of New York and the NYPD, which are therefore responsible for his conduct.

39. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FIFTH CAUSE OF ACTION

### Malicious Prosecution

40.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 39 with the same force and effect as if more fully set forth at length herein.

41.     The acts and conduct of Defendant Police Officer Suarez, Tax Registry No. 893692, constitute malicious prosecution under the laws of the State of New York. Defendant commenced and continued a criminal proceeding against plaintiff. There was actual malice and an absence of probable cause for the proceeding. In addition, the proceeding terminated favorably as to plaintiff.

42.     Defendant Police Officer Suarez, Tax Registry No. 893692, was at all times an agent, servant, and employee acting within the scope of his employment by the City of New York and the NYPD, which are therefore responsible for his conduct.

43.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SIXTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

44.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 43 with the same force and effect as if more fully set forth at length herein.

45.     The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, and train Police Officer Suarez, Tax

Registry No. 893692, an individual who was unfit for the performance of patrol enforcement duties on December 10, 2006, at the aforementioned location.

46. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## JURY DEMAND

47. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

a. As to the First through the Sixth Causes of Action, that the jury find and the Court adjudge and decree that plaintiff shall recover compensatory damages in the sum of $1,000,000, against the individual defendant, City of New York, and the NYPD, jointly and severally, together with interest and costs; and punitive damages in the sum of $500,000 against the individual defendants, jointly and severally.

b. That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

c. That the plaintiff has such other and further relief as the Court shall deem just and proper.

Dated: New York, New York
      March 5, 2008

                                LAW OFFICES OF ADAM D. PERLMUTTER, P.C.

                                By: _____
                                    ADAM D. PERLMUTTER (AP4015)

                                260 Madison Avenue, Suite 1800
                                New York, NY 10016
                                Tel: (212) 679-1990
                                Fax: (212) 679-1995
                                Attorneys for Plaintiff Xiao Kai Zhang