**MEMO ENDORSED**





USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/27/08

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**ROBYN N. PULLIO**
*Assistant Corporation Counsel*
Special Federal Litigation Division
Tel.: (212) 788-1090
Fax: (212) 788-9776
Email: rpullio@law.nyc.gov

March 25, 2008

BY HAND
Honorable Gerard E. Lynch
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

RECEIVED MAR 26 2008

    Re: <u>Xiao Kai Zhang v. City of New York, et al.</u> 08 CV 2334 (GEL)(JCF)

Dear Judge Lynch:

    I am the Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel for the City of New York, assigned to the above-referenced case on behalf of defendant the City of New York. I am writing with the consent of plaintiffs' counsel, Adam D. Perlmutter, Esq., to respectfully request that the City be granted a sixty (60) day enlargement of time from March 27, 2008, to May 26, 2008, to answer or otherwise respond to the complaint. This is the City's first request for an enlargement of time in this action.

    The complaint alleges, *inter alia*, that plaintiff Xiao Kai Zhang was subjected to false arrest, battery and malicious prosecution. In addition to the City of New York, the complaint also purports to name the New York City Police Department and Police Officer Suarez as a defendants. Before this office can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. The enlargement of time will afford us the opportunity to investigate the matter.

    Moreover, the enlargement will allow us to ascertain whether the individually named defendant has been served.[1] If service has been effectuated, then, pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent the individually named defendant. The individually named defendant

---

[1] Although this office does not currently represent Officer Suarez, and assuming he is properly served, this office also respectfully requests this extension on his behalf in order to prevent his defenses from being jeopardized while representational issues are being resolved.

1

must then decide whether he wishes to be represented by this office. If so, we must obtain his written authorization. Only after this procedure has been followed can we determine how to proceed in this case. See Mercurio v. The City of New York et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. The City of New York et al., 64 N.Y.2d 800, 486 N.Y.S. 2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

In view of the foregoing, it is respectfully requested that the Court grant the within request extending the City's time to answer the complaint until May 26, 2008.

Thank you for your consideration in this regard.

Respectfully submitted,

Robyn N. Pullio (RP 7777)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   BY FAX
      Adam D. Perlmutter
      Perlmutter & Gimpel, PLLC
      260 Madison Avenue
      New York, NY 10016
      Fax: (212) 679-1995

SO ORDERED

GERARD E. LYNCH, U.S.D.J.

3/26/08

2