UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

XIAO KAI ZHANG,

                                        Plaintiff,

                        -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, NEW YORK CITY POLICE OFFICER
KEVIN SUAREZ, TAX REGISTRY NO. 893692,

                                     Defendants.

------------------------------------------------------------------ x

**ANSWER TO AMENDED COMPLAINT**

08 CV 2334 (GEL)

JURY TRIAL DEMANDED

       Defendant the City of New York by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the amended complaint, respectfully alleges, upon information and belief, as follows:[1]

       1.     Denies the allegations set forth in paragraph "1" of the amended complaint, except admits that plaintiff purports to bring this action as stated therein.

       2.     Denies the allegations set forth in paragraph "2" of the amended complaint.

       3.     Denies the allegations set forth in paragraph "3" of the amended complaint, except admits that plaintiff purports to bring this action as stated therein.

       4.     Denies the allegations set forth in paragraph "4" of the amended complaint, except admits that plaintiff purports to bring this lawsuit and to invoke the jurisdiction of this Court as stated therein.

---

[1] On information and belief, the individual identified in the caption of the complaint as "Police Officer Kevin Suarez, Tax Registry No. 893692" has not yet been served with the summons and complaint in this action and is, therefore, not yet a defendant in this case.

5.     Denies the allegations set forth in paragraph "5" of the amended complaint, except admits that plaintiff purports to invoke the supplemental jurisdiction of this Court as stated therein.

6.     Denies the allegations set forth in paragraph "6" of the amended complaint, except admits that plaintiff purports to base venue as stated therein.

7.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the amended complaint.

8.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the amended complaint, except admits that plaintiff purports to sue "Police Officer Kevin Suarez" as stated therein.

9.     The allegations contained in paragraph "9" of the amended complaint constitute conclusions of law rather than averments of fact, and, accordingly, no response is required.  To the extent that an answer is required, denies the allegations set forth in paragraph "9" of the amended complaint.

10.     Denies the allegations set forth in paragraph "10" of the amended complaint, except admits that the City of New York is a municipal corporation existing under the laws of the State of New York, that it maintains a police department, and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the amended complaint.

12.     Denies the allegations set forth in paragraph "12" of the amended complaint.

13.    Denies the allegations set forth in paragraph "13" of the amended complaint.

14.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the amended complaint.

15.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the amended complaint.

16.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the amended complaint.

17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the amended complaint.

18.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the amended complaint.

19.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the amended complaint.

20.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the amended complaint.

21.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the amended complaint.

22.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the amended complaint.

23.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the amended complaint.

24.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the amended complaint.

25.    Denies the allegations set forth in paragraph "25" of the amended complaint.

26.    Denies the allegations set forth in paragraph "26" of the amended complaint, except admits that the New York City Office of the Comptroller received what purports to be a notice of claim from plaintiff on or about January 19, 2007, and that no settlement has been reached.

27. In response to the allegations set forth in paragraph "27" of the amended complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

28.    Denies the allegations set forth in paragraph "28" of the amended complaint.

29.    Denies the allegations set forth in paragraph "29" of the amended complaint.

30. In response to the allegations set forth in paragraph "30" of the amended complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

31.    Denies the allegations set forth in paragraph "31" of the amended complaint.

32. In response to the allegations set forth in paragraph "32" of the amended complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

33.    Denies the allegations set forth in paragraph "33" of the amended complaint.

34.    The allegations contained in paragraph "34" of the amended complaint constitute conclusions of law rather than averments of fact, and, accordingly, no response is required.  To the extent that an answer is required, denies the allegations set forth in paragraph "34" of the amended complaint.

35.    Denies the allegations set forth in paragraph "35" of the amended complaint.

36. In response to the allegations set forth in paragraph "36" of the amended complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

37.    Denies the allegations set forth in paragraph "37" of the amended complaint.

38.    The allegations contained in paragraph "38" of the amended complaint constitute conclusions of law rather than averments of fact, and, accordingly, no response is required.  To the extent that an answer is required, denies the allegations set forth in paragraph "38" of the amended complaint.

39.    Denies the allegations set forth in paragraph "39" of the amended complaint.

40. In response to the allegations set forth in paragraph "40" of the amended complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

41.    Denies the allegations set forth in paragraph "41" of the amended complaint.

42.    The allegations contained in paragraph "42" of the amended complaint constitute conclusions of law rather than averments of fact, and, accordingly, no response is

required. To the extent that an answer is required, denies the allegations set forth in paragraph "42" of the amended complaint.

43.    Denies the allegations set forth in paragraph "43" of the amended complaint.

44. In response to the allegations set forth in paragraph "44" of the amended complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

45.    Denies the allegations set forth in paragraph "45" of the amended complaint.

46.    Denies the allegations set forth in paragraph "46" of the amended complaint.

47.    Denies the allegations set forth in paragraph "47" of the amended complaint, except admits that plaintiff purports to demand a trial by jury as stated therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

48.    The amended complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

49.    Defendant the City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any Act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

50.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of non-parties or third parties, and was not the proximate result of any act of the Defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

51. At all times relevant to the acts alleged in the complaint, Defendant City and its agents and officials acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City is entitled to governmental immunity from liability.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

52. Punitive damages cannot be recovered from the City of New York.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

53.     Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

54.     Plaintiff has not complied with the conditions precedent to suit.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

55.     There was probable cause for plaintiff's arrest and prosecution.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

56.     Plaintiff provoked any incident.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE:

57.     The New York City Police Department is not a suable entity.

**WHEREFORE,** defendant the City of New York requests judgment dismissing the amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
             May 27, 2008

                                          MICHAEL A. CARDOZO
                                            Corporation Counsel of
                                            the City of New York
                                        Attorney for defendant
                                          City of New York
                                      100 Church Street, Room 3-188
                                      New York, New York 10007
                                      (212) 788-1090

By:                                  _____
                                      ROBYN N. PULLIO (RP 7777)


To:    **VIA ECF**
        Adam Perlmutter, Esq.
        Law Offices of Adam D. Perlmutter, PC
        Attorney for Plaintiff
        260 Madison Avenue, Suite 1800
        New York, New York 10016

Docket No. 08 CV 2334 (GEL)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

XIAO KAI ZHANG,

Plaintiff,

-against-

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, NEW YORK CITY
POLICE OFFICER KEVIN SUAREZ, TAX
REGISTRY NO. 893692,

Defendants.

**ANSWER TO AMENDED COMPLAINT ON
BEHALF OF THE CITY OF NEW YORK**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Robyn N. Pullio*
*Tel: (212) 788-1090*
*NYCLIS No. 2008-007916*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................................,2008*

*............................................................ Esq.*

*Attorney for ...........................................*